# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 7 |
| | ) | |
| SUNWORKS, INC., *et al.*,[1] | ) | Case No. 24-10215-LSS |
| | ) | |
| Debtors. | ) | (Jointly Administered) |
| | ) | |
| | ) | **Hearing Date: March 28, 2024 at 9:30 a.m.** |
| | ) | **Objection Deadline: March 21, 2024 at 4:00 p.m.** |

## TRUSTEE'S MOTION FOR ENTRY OF AN ORDER (I) AUTHORIZING (A) THE REJECTION OF THE ENTERPRISE AGREEMENTS AND (B) THE SURRENDER OF THE REMAINING VEHICLES, AND (II) GRANTING RELATED RELIEF

Jeoffrey L. Burtch, interim chapter 7 trustee (the "Trustee") for the estates (the "Estates") of the above-captioned debtors (the "Debtors"), files this motion (this "Motion") for entry of an order: (A) authorizing (i) the rejection of the Enterprise Agreements (term defined below), effective as of the Petition Date (term defined below), and (B) the surrender of the Remaining Vehicles (term defined below); and (b) granting related relief. In support of this Motion, the Trustee respectfully states as follows:

### JURISDICTION, CORE NATURE AND VENUE

1. The United States Bankruptcy Court for the District of Delaware (the "Court") has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This Motion is a core matter pursuant to 28 U.S.C. § 157(b). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory bases for the relief requested herein are Sections 105(a), 362, and 365(a) of the Bankruptcy Code, Bankruptcy Rule 6006, and Local Rule 9013-1.

---

[1] The Debtors in these cases are the following entities (the respective case numbers for each estate follows in parentheses): Sunworks, Inc. (24-10215 LSS); Solcius, LLC (24-10216 LSS); Commercial Solar Energy, Inc. (24-10217 LSS); and Sunworks United, Inc. (24-10218 LSS).

## BACKGROUND

3. On February 5, 2024 (the "Petition Date"), the Debtors filed voluntary petitions with the Court for relief under chapter 7 of the Bankruptcy Code, commencing the above-captioned bankruptcy cases.

4. On or about the Petition Date, the Office of the United States Trustee appointed the Trustee as the interim trustee for the Estates of the Debtors. Since his appointment, the Trustee has been evaluating the Debtors' assets, including their executory contracts and unexpired leases.

5. Prior to the Petition Date, Debtor Solcius, LLC ("Solcius") and Enterprise FM Trust, a Delaware statutory trust (the "Lessor") entered into that certain *Master Equity Lease Agreement,* dated April 2, 2015 (as amended from time to time, the "Master Lease"). Pursuant to the Master Lease, the Debtors leased certain vehicles from the Lessor (each, a "Vehicle," and collectively, the "Vehicles").

6. In connection with the Master Lease, Solcius and Enterprise Fleet Management, Inc. ("EFM," and together with the Lessor, "Enterprise") entered into that certain *Maintenance Agreement*, dated April 2, 2015 (as amended from time to time, the "Maintenance Agreement"), and that certain *Maintenance Management and Fleet Rental Agreement*, dated as of August 5, 2015 (as amended from time to time, the "Maintenance Management Agreement," and together with the Maintenance Agreement and the Master Lease, the "Enterprise Agreements").

## AGREEMENTS TO BE REJECTED

7. By this Motion, the Trustee seeks to reject the Enterprise Agreements. Rejection is appropriate here because the Enterprise Agreements and the leased Vehicles provide no benefit to the Estates since the Trustee is not operating the Debtors' business. Absent rejection, the Estates may be hampered with ongoing post-petition costs and obligations pursuant to the Enterprise

Agreements. For these reasons, the Trustee has determined, in his business judgment, that rejecting the Enterprise Agreements is in the best interests of the Estates and their creditors.

## REMAINING VEHICLES TO BE SURRENDERED

8. Subsequent to the Petition Date and prior to the Court's ruling on this Motion, certain Vehicles may be surrendered to Enterprise (each a "Surrendered Vehicle" and collectively, the "Surrendered Vehicles"). Additional Vehicles not surrendered to Enterprise (the "Remaining Vehicles") remain stationed at various real property locations leased by the Debtors. In light of the fact that the Vehicles are of no use or value to the Estates, the Trustee requests authority to arrange for Enterprise to retake possession of the Remaining Vehicles, or to otherwise surrender possession to Enterprise.

9. To that end, the Trustee seeks to modify the automatic stay imposed by section 362 of the Bankruptcy Code solely to allow Enterprise to retake possession of any Remaining Vehicles. The Trustee also seeks ratification and approval of the surrender of the Surrendered Vehicles to Enterprise, retroactive to the date that such surrender occurred.

10. Pursuant to the Master Lease, under certain circumstances and subject to certain terms and conditions, the Debtors may have a right to receive certain funds back from the Lessor following the Lessor's sale of Vehicles that have been returned by the Debtors (any such funds, the "Equity Payments"). The Trustee has been communicating with Enterprise regarding the Equity Payments, through their respective counsel, and the parties have agreed to preserve their respective rights with respect to any Equity Payments that may be owed to the Debtors on account of any returned Vehicles, including without limitation any Surrendered Vehicles, and any Remaining Vehicles that are returned pursuant to the relief requested in this Motion.

**RELIEF REQUESTED**

**1.      Rejection of the Enterprise Agreements**

11.     Section 365(a) of the Bankruptcy Code provides that a trustee, "subject to the court's approval, may . . . reject any executory contract or unexpired lease of the debtor." 11 U.S.C. § 365(a). The decision to assume or reject an executory contract or unexpired lease is a matter within the "business judgment" of the debtor. *See Nat'l Labor Relations Bd. v. Bildisco & Bildisco (In re Bildisco)*, 682 F.2d 72, 79 (3d Cir. 1982) ("The usual test for rejection of an executory contract is simply whether rejection would benefit the estate, the 'business judgment' test." (citation omitted)); *see also Glenstone Lodge, Inc. v. Buckhead Am. Corp. (In re Buckhead Am. Corp.)*, 180 B.R. 83, 88 (Bankr. D. Del. 1995). Application of the business judgment standard requires a court to approve a trustee's business decision unless the decision is the product of bad faith, whim, or caprice. *See Lubrizol Enters., Inc. v. Richmond Metal Finishes*, 756 F.2d 1043, 1047 (4th Cir. 1985). Further, "[t]his provision allows a trustee to relieve the bankruptcy estate of burdensome agreements which have not been completely performed." *Stewart Title Guar. Co. v. Old Republic Nat'l Title Ins. Co.*, 83 F.3d 735, 741 (5th Cir. 1996) (citation omitted).

12.     Rejection of an executory contract or unexpired lease is appropriate where such rejection would benefit the estate. *See Sharon Steel Corp. v. Nat'l Fuel Gas Distrib. Corp. (In re Sharon Steel Corp.)*, 872 F.2d 36, 39–40 (3d Cir. 1989). Upon finding that a trustee has exercised his/her sound business judgment in determining that rejection of certain contracts or leases is in the best interests of the estate's creditors and all parties in interest, a court should approve the rejection under Section 365(a). *See In re Fed. Mogul Glob., Inc.*, 293 B.R. 124, 126 (D. Del. 2003); *In re Bradlees Stores, Inc.*, 194 B.R. 555, 558 n.1 (Bankr. S.D.N.Y. 1996), *appeal dismissed,* 210 B.R. 506 (S.D.N.Y. 1997); *In re Summit Land Co.*, 13 B.R. 310, 315 (Bankr. D.

68750339\2

Utah 1981) (holding that absent extraordinary circumstances, court approval of a debtor's decision to assume or reject an executory contract "should be granted as a matter of course").

13. The Enterprise Agreements are not a source of potential value for the Estates or their creditors. Further, the Estates' obligations under the Enterprise Agreements would more than offset any potential value that might otherwise exist. The Trustee seeks to stop the accrual of costs under the Enterprise Agreements.

14. Because the Trustee has determined that the Enterprise Agreements are burdensome to the Estates and of inconsequential value, the Trustee believes that rejecting these agreements represents a sound exercise of his business judgment.

**2. Surrender of the Remaining Vehicles**

15. Pursuant to section 362(a)(3) of the Bankruptcy Code, the automatic stay prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate[.]" Section 362(d)(1) of the Bankruptcy Code, provides, in relevant part, that "[o]n request of a party in interest and after notice and a hearing, the court shall grant relief from the stay … for cause…" "Cause is a flexible concept and courts often conduct a fact intensive case-by-case balancing test, examining the totality of the circumstances to determine whether sufficient cause exists to lift the stay." *In re SCO Grp., Inc.*, 395 B.R. 852, 856 (Bankr. D. Del. 2007) (citing, *inter alia*, *Baldino v. Wilson (In re Wilson)*, 116 F.3d 87, 90-1 (3d Cir. 1997)). With respect to the stay of an act against property of the Estates, the Court shall grant relief from the stay if "the debtor does not have an equity in such property; and such property is not necessary to an effective reorganization[.]" *See* § 362(d)(2).

16. Here, cause exists to modify the automatic stay to allow Enterprise to take possession of the Vehicles, as the Vehicles are burdensome, and of no value to the Estates.

17. For these reasons, the Trustee respectfully submits that the stay should be modified to allow for the surrender the Remaining Vehicles, and the ratification of any prior surrender of the Surrendered Vehicles.

## RESERVATION OF RIGHTS

18. Nothing contained in this Motion or any actions taken by the Trustee pursuant to relief granted on account of this Motion is intended or shall be construed as: (a) an admission as to the validity, priority, or amount of any particular claim against an Estate; (b) a waiver of the Trustee's or any other party in interest's rights to dispute any particular claim on any grounds; (c) a promise or requirement to pay any particular claim; (d) an implication or admission that any particular claim is of a type specified or defined in this Motion or any order granting the relief requested by this Motion; (e) a request or authorization to assume any agreement, contract, or lease pursuant to Section 365 of the Bankruptcy Code; (f) a waiver or limitation of the Trustee's or any other party in interest's rights under the Bankruptcy Code or any other applicable law; or (g) a concession by the Trustee or any other party in interest that any liens (contractual, common law, statutory, or otherwise) satisfied pursuant to this Motion are valid and the Trustee and all other parties in interest expressly reserve their rights to contest the extent, validity, or perfection, or to seek avoidance of all such liens.

## NOTICE

19. The Trustee has provided notice of this motion to the following parties or their respective counsel: (i) the Office of the United States Trustee; (ii) the Debtors; (iii) the Debtors' secured creditors as listed on Schedule D of the Debtors' schedules of assets and liabilities filed with the Court; (iv) Enterprise; and (v) any party that has requested notice pursuant to Bankruptcy Rule 2002. The Trustee submits that, in light of the nature of the relief requested, no other or further notice need be given.

## CONCLUSION

WHEREFORE, the Trustee respectfully requests that the Court enter an order, in substantially the attached form: (i) authorizing him to reject the Enterprise Agreements, and providing that each such agreement is rejected as of the Petition Date; (ii) authorizing the Trustee to surrender, and Enterprise to retake possession of, any Remaining Vehicles and modifying the automatic stay accordingly; (iii) approving the surrender of the Surrendered Vehicles to Enterprise as of the date that such surrender occurred and modifying the automatic stay accordingly; (iv) preserving the Trustee's and Enterprise's respective rights with respect to any Equity Payments that may be owed to the Debtors on account of any returned Vehicles, including without limitation any Surrendered Vehicles, and any Remaining Vehicles; and (v) providing any further relief that may be appropriate.

Dated: February 29, 2024

COZEN O'CONNOR

*/s/ Simon E. Fraser*
Mark E. Felger (No. 3919)
Simon E. Fraser (No. 5335)
Gregory F. Fischer (No. 5269)
1201 N. Market St., Ste. 1001
Wilmington, DE 19801
Telephone: (302) 295-2000
Facsimile: (302) 295-2013
E-mail: mfelger@cozen.com
sfraser@cozen.com
gfischer@cozen.com

*Proposed Counsel for Jeoffrey L. Burtch, as Interim Chapter 7 Trustee*